J-A02029-17

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| UNITED EDUCATORS INSURANCE | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| Appellant | : | |
| | : | |
| | : | |
| v. | : | |
| | : | |
| | : | |
| SELECTIVE INSURANCE COMPANY | : | No. 1676 EDA 2016 |
| OF AMERICA | : | |

Appeal from the Order May 2, 2016
In the Court of Common Pleas of Philadelphia County
Civil Division at No(s):  No. 00216

BEFORE:   OTT, RANSOM, and FITZGERALD[*]

JUDGMENT ORDER BY RANSOM, J.:                     **FILED APRIL 18, 2017**

Appellant, United Educators Insurance ("United"), appeals from the order entered May 2, 2016, which granted preliminary objections filed on behalf of Selective Insurance Company of America ("Selective") and dismissed United's complaint with prejudice.  We reverse and remand for further proceedings.

In March 2016, United commenced this declaratory judgment action.[1] Selective responded with preliminary objections premised upon the

_____

[*] Former Justice specially assigned to the Superior Court.

[1] The underlying dispute arose when an individual suffered personal injuries at a Boy Scout camp held at Keystone College.  Following negotiations, the Boy Scouts settled their exposure, leaving Keystone as the sole defendant. Further settlement negotiations were unsuccessful and precipitated the current, coverage dispute between Selective, Keystone's primary insurer,
*(Footnote Continued Next Page)*

pendency of duplicative litigation proceeding in federal court.[2]  **See** Pa.R.C.P. 1028(a)(6).  As noted, the trial court granted the preliminary objections and dismissed the complaint.  **See** Trial Ct. Order, 05/02/2016.

On May 27, 2016, United timely appealed.  However, on June 2, 2016, the federal court determined that it was without subject matter jurisdiction and, therefore, dismissed the federal action.  **See** Trial Ct. Op., 06/14/2016. Accordingly, the trial court has requested that its May 2, 2016 order be reversed and this matter remanded for further proceedings.  **Id.**

In light of the unique procedural history of this case, we agree. Notably, absent further proceedings in the Philadelphia Court of Common Pleas, the parties' dispute will go unresolved.  Though our research has revealed no precedent directly on point, it is self-evident that a court, properly authorized to hear a dispute, need not defer to a prior pending action that has been dismissed on jurisdictional grounds.  **See generally Plum v. Tampax, Inc.**, 160 A.2d 549, 554 (Pa. 1960) (observing, in the context of a forum *non conveniens* dispute, "the action will not be dismissed in any event unless an alternative forum is available to the plaintiff"); **Goodman v. Pizzutillo**, 682 A.2d 363, 367-68 (Pa. Super. 1996).

---

*(Footnote Continued)*

and United, Keystone's excess insurer.  **See** United's Complaint, 03/07/2016, at ¶¶ 1-69.

[2] The federal matter was captioned at **Selective Insurance Company of America v. United Educators Risk Retention Group**, No. 2:15-cv-05974 (E.D.Pa. 2015).

- 2 -

Accordingly, we reverse the order entered May 2, 2016, and remand for further proceedings.

Order reversed; case remanded for further proceedings; jurisdiction relinquished.

Judgment Entered.

_____
Joseph D. Seletyn, Esq.
Prothonotary


Date: 4/18/2017